isted no one but a corporation was authorized to prosecute such an action, and for that reason the effort to confer the right on individuals was abortive.

For these reasons, I am satisfied that the motion should be granted, and an order will be entered to that end.

═══════

UNITED STATES v. PARK & TILFORD.

(Circuit Court, S. D. New York. May 24, 1907.)

No. 4,827.

CUSTOMS DUTIES—CLASSIFICATION—TOOTH SOAP—SPECIFIC DESIGNATION.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], for "all descriptions of toilet soap," constitutes a more specific enumeration of tooth soap, used as an application to the teeth, than does the provision in paragraph 70, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1631], for "preparations used as applications to the * * * teeth, * * * such as * * * dentifrices, * * * not specially provided for."

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,518 (T. D. 27,845), reversing the assessment of duty by the collector of customs at the port of New York.

The Board's opinion reads as follows:

McCLELLAND, General Appraiser. The merchandise which is the subject of this protest is described on the invoice as "carbolic tooth soap." It was returned by the appraiser as a toilet article, and was assessed for duty by the collector at the rate of 50 per cent. ad valorem, under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 70, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1631]. It is claimed that duty should have been assessed at either 15 cents per pound, or at 20 per cent. ad valorem, under the provisions of paragraph 72 of said act (30 Stat. 155 [U. S. Comp. St. 1901, p. 1631]).

The appraiser states in his special report on the protest that the merchandise is intended for use only as an application to the teeth, and this testimony is in the main confirmed by the testimony submitted on behalf of the protestants. The paragraph under which said classification was made reads as follows: "70. Preparations used as applications to the hair, mouth, teeth or skin, such as cosmetics, dentifrices, pastes, pomades, powders, and other toilet articles, and articles of perfumery, whether in sachets or otherwise, not containing alcohol or in the manufacture of which alcohol is not used, and not specially provided for in this act, fifty per centum ad valorem." The provisions of this paragraph are not specific, but most general in character, covering different classes of articles used for the toilet.

The paragraph under which claim is made reads: "72. Castile soap, one and one-fourth cents per pound; fancy, perfumed, and all descriptions of toilet soap, including so-called medicinal or medicated soaps, fifteen cents per pound; all other soaps not specially provided for in this act, twenty per centum ad valorem." In this paragraph we have specific provision for all kinds of soaps. and the question involved is not so much one as to whether the article under consideration is for the toilet, for that is practically conceded, but as to whether it is in fact a soap. The evidence of the official examiner who passed the merchandise is that it has the characteristics of soap. The analysis furnished by the official chemist also shows that the article has the characteristics of soap.

Tariff Act October 1, 1890, 26 Stat. 588, contained the following paragraphs:

"323. Starch, including all preparations, from whatever substance produced, fit for use as starch, two cents per pound." Section 1, Schedule G, 26 Stat. 588.

"730. Tapioca, cassava or cassada." Section 2, Free List, 26 Stat. 610.

The court, construing these two paragraphs, held that tapioca flour, although it might be used as a starch, was not dutiable under paragraph 323, supra, but was more specifically provided for in paragraph 730, supra, as tapioca. Mr. Justice Peckham, writing for the court, said: "Attempting, as is our duty, to give effect to the statute in all its parts, we think the proper construction of these provisions is that under paragraph 323 a duty is laid upon starch, including all preparations, from whatever substance produced, fit for use as starch, and assuming that tapioca flour is within that general description fit for such use, yet by virtue of paragraph 730 tapioca is placed on the free list, and the substance being tapioca flour, being tapioca in one of these forms, is excepted from the general language of paragraph 323, and is entitled to free entry. It is so excepted because, although assuming it to be fit for use as starch, it is notwithstanding tapioca, and tapioca is in so many words put on the free list." Lung v. Wise, 176 U. S. 156, 20 Sup. Ct. 320, 44 L. Ed. 412.

We think it logically follows, therefore, that the provision for toilet soap contained in said paragraph 72 is more specific than the general provision for "preparations used as applications to the hair, mouth and teeth," in paragraph 70.

In Abstract 11,618 (T. D. 27,393) and Abstract 12,612 (T. D. 27.572), involving merchandise of a similar character to that here involved, the Board affirmed classifications made under paragraph 70; but since our attention has been directed to the Lung Case, supra, we are inclined to think that, so far as these abstract decisions bear upon the issue, they should be overruled, for we feel constrained to sustain the claim in the protest that the merchandise should be assessed with duty at the rate of 15 cents per pound, under the provision in paragraph 72 for all descriptions of toilet soap.

The protest is sustained to the extent indicated and the decision of the collector reversed accordingly.

J. Osgood Nichols, Asst. U. S. Atty.

B. A. Levett, for importers.

PLATT, District Judge. Decision affirmed.

---

KNAUTH, NACHOD & KUHNE v. UNITED STATES.

(Circuit Court, S. D. New York. May 16, 1907.)

No. 4,164.

1. CUSTOMS DUTIES—CLASSIFICATION—WALL POCKETS—LITHOGRAPHIC PRINTS.

Articles composed of cardboard on which lithographic prints have been pasted, and which is cut into forms adapted to be folded into pockets to hang on walls, some of them having pincushions or calendars attached, are not dutiable as "lithographic prints," under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], but as manufactures of paper, under paragraph 407, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673].

2. SAME—COMMERCIAL DESIGNATION—LITHOGRAPHIC PRINTS.

The expression "lithographic prints," in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672], had no such definite, general, and uniform meaning in the wholesale trade and commerce of the United States at the time of the passage of that act as to control its construction.

3. SAME—EVIDENCE—ADMISSIBILITY OF PREVIOUS RECORDS.

The Board of General Appraisers admitted as evidence in a case testimony taken previously in another case. This was done over the objec-